UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **ROBERT MORRIS and ESTEBAN CALDERON,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>)<br>**DANIEL MORECI, SERGEANT KIDD,** )<br>**SUPERINTEDENT THOMAS, JAIL** )<br>**ADMINISTRATOR THRUSSELL, and** )<br>**JEFF THOMAS,** )<br>)<br>**Defendants.** ) | No.: 13-2079-JES-DGB |

**MERIT REVIEW OPINION**

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiffs Robert Morris and Esteban Calderon's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiffs are pre-trial detainees at Cook County Department of Corrections and are awaiting trial. Prior to their stay at Cook County, Plaintiffs were held at the Moultrie County Illinois Detention Center. While they were being detained at the Moultrie County Illinois Detention Center, Plaintiffs claim that they were strip searched by Moultrie County Sheriff Thomas and Sergeant Kidd. Plaintiffs state that the search was necessary because a metal object went missing at the Detention Center, and officials needed to recover the object before it was used to injure anyone. Plaintiff Morris claims that, during his strip search, Sergeant Kidd placed his finger inside of Morris' anus. When he turned around, Morris saw Officer Burdick standing behind him smiling. Plaintiffs claim that the strip search violated their right to be free from cruel and unusual punishment.

Because Plaintiffs were pretrial detainees, their "claim arises under the Fourteenth Amendment's Due Process Clause but is governed by the same standards as a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013); *Rosario v. Brawn*, 670 F.3d 816, 820-21 (7th Cir. 2012)("Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause, and we apply the same deliberate indifference standard in both types of cases.")(internal quotation omitted). "The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Meriwether v. Faulkner,* 821 F.2d 408, 415 (7th Cir. 1987)(citing *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Caldwell v. Miller,* 790 F.2d 589, 600 (7th Cir. 1986)). In evaluating Eighth Amendment claims, courts conduct both an objective and a subjective inquiry. The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (quotations omitted). If the conditions complained of pass this threshold, courts then must determine the prison official's subjective state of mind; that is, whether "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *Johnson v. Phelan,* 69 F.3d 144, 149 (7th Cir. 1995).

In the context of bodily searches performed upon those incarcerated in the prison system, only those searches that are "maliciously motivated, unrelated to institutional security, and hence 'totally without penological justification' are considered unconstitutional." *Meriwether,* 821 F.2d

at 418 (quoting *Rhodes,* 452 U.S. at 346); *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003). In other words, the search must amount to "'calculated harassment unrelated to prison needs,'" *Meriwether,* 821 F.2d at 418 (quoting *Hudson v. Palmer,* 468 U.S. 517, 530 (1984)), with the intent to humiliate and inflict psychological pain. *Fillmore v. Page,* 358 F.3d 496, 505 (7th Cir. 2004)(citing *Calhoun,* 319 F.3d at 939).

Here, Plaintiffs have not alleged that Defendants engaged in a strip search of the detainees, including Plaintiffs, in a calculated harassment unrelated to prison needs. *Id.* On the contrary, Plaintiffs specifically allege that prison officials were attempting to locate a missing metal object that could be used as or fashioned into a weapon to cause bodily harm if not located. Moreover, Plaintiffs have not alleged any external conditions, factors, or actions taken by Defendants that would indicate that they performed Plaintiffs' strip search maliciously, with the intent to humiliate or inflict psychological pain upon them, or without penological interests. *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)(finding a strip search constitutional). Thus, Plaintiffs' claim that their strip search in-and-of-itself constituted a constitutional violation is incorrect and cannot proceed.

However, a distinction exists between Plaintiff Morris and Plaintiff Calderon. Plaintiff Morris alleges that Sergeant Kidd placed his finger inside of Morris' anus. Although a body cavity search may have been necessary under the circumstances, this is not a determination that the Court can make at this juncture. *Jackson v. Gerl*, 622 F. Supp. 2d 738, 753-54 (W.D. Wis. 2009)(denying summary judgment because a question of fact existed as to whether the body cavity search was justified under the circumstances). Accordingly, Plaintiff Morris will be allowed to proceed on that claim.

## III.
## MOTION FOR COUNSEL

Plaintiffs have moved the Court to appoint counsel to represent them, but their motions for appointment of counsel are denied. As for Plaintiff Calderon, the Court has found that he has failed to state a claim upon which relief can be granted, and therefore, he does not need counsel. As for Plaintiff Morris, the Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

Here, Morris appears to be literate and has filed cogent pleadings with the Court. His claim is not so novel or complex that he cannot litigate it himself. Morris has personal knowledge of the facts supporting his claims and appears cable of cross-examining Defendant regarding his version of the events. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

5

Accordingly, the Court finds that, based upon the current record, Morris appears competent to litigate this case himself and denies his motions for appointment of counsel.

## IV.
## MOTION TO AMEND COMPLAINT

Finally, Plaintiff Morris' motion to amend the Complaint is granted. In the Amended Complaint, Plaintiff Morris attaches documents that he believes demonstrate that he has exhausted his administrative remedies. The Court will allow the amendment for that purpose.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff Morris' Complaint states a claim against Defendant Sergeant Kidd for cruel and unusual punishment in violation of his Eighth Amendment rights. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff Esteban Calderon is dismissed as a party Plaintiff.

3. Defendants Moreci, Thomas, Thrussell, and Sheriff Thomas are dismissed as party Defendants.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing him a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion

requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant(s) who no longer works at the address provided by Plaintiff, the entity for whom that Defendant(s) worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

8. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANT PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; 3) DISMISS PLAINTIFF ESTEBAN CALDERON AS A PARTY PLAINTIFF; 4) DISMISS DEFENDANTS MORECI, THOMAS, THRUSSEL, AND SHERIFF THOMAS AS PARTY DEFENDANTS; 5) SHOW PLAINTIFFS' THREE MOTIONS FOR APPOINTMENT OF COUNSEL [D/E'S 5, 18, & 19] AS DENIED; AND 6) SHOW PLAINTIFFS' MOTION TO AMEND COMPLAINT [D/E 21] AS GRANTED.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

Entered this 6th day of November 2013.

                                                /s James E. Shadid
                                                JAMES E. SHADID
                                                CHIEF UNITED STATES DISTRICT JUDGE